UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN GARCIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIR GROUP CREDIT UNION and ALASKA AIR GROUP INC.,<br><br>Defendants. | CASE NO. 2:26-cv-01433-JNW<br><br>ORDER |
| AMANDA STRATTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIR GROUP CREDIT UNION,<br><br>Defendant. | CASE NO. 2:26-cv-01497-JNW |

| | |
|---|---|
| CARMEN CHANEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIR GROUP CREDIT UNION,<br><br>Defendant. | CASE NO. 2:26-cv-01944-JNW |
| FRANKLYN JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIR GROUP CREDIT UNION,<br><br>Defendant. | CASE NO. 2:26-CV-01950-JNW |

## 1. INTRODUCTION

Five putative class actions arising from the same data breach at Alaska Air Group Credit Union (AAGCU) have been assigned to this Court. Plaintiffs Juan Garcia and Amanda Stratton move to consolidate three of them—*Garcia*, *Stratton*, and *Cutler*—and to appoint their lawyers as interim co-lead class counsel. Dkt. No. 11.[1] Since then, *Cutler* has been dismissed, and two more cases—*Chaney* and

[1] Docket citations in this Order refer to *Garcia v. Alaska Air Group Credit Union*, No. 2:26-cv-01433-JNW, unless the Court names another case.

*Johnson*—have arrived from state court. Four live cases about one breach remain. The Court consolidates them, directs a consolidated complaint, and because the lawyers in *Chaney* and *Johnson* haven't yet had a chance to weigh in on leadership, invites applications to serve as interim class counsel.

## 2. BACKGROUND

AAGCU is a credit union based in Seattle, Washington, that serves Alaska Air Group employees, retirees, and their families. In March 2026, an unauthorized actor gained access to AAGCU's systems through a third-party vendor and may have copied files containing members' names, Social Security numbers, account numbers, dates of birth, and government ID numbers. AAGCU reported that 10,705 people were affected and began mailing notice letters on April 16, 2026.

Within weeks, five putative class actions followed:

| Case | Case No. | Filed |
|---|---|---|
| *Garcia* | 2:26-cv-01433 | Apr. 27, 2026, in this Court |
| *Stratton* | 2:26-cv-01497 | May 1, 2026, in this Court |
| *Cutler* | 2:26-cv-01527 | May 5, 2026, in this Court |
| *Chaney* | 2:26-cv-01944 | Apr. 27, 2026, in King County Superior Court; removed June 4, 2026 |
| *Johnson* | 2:26-cv-01950 | Apr. 27, 2026, in King County Superior Court; removed June 4, 2026 |

*See* Dkt. No. 1,[2] *Stratton*, Dkt. No. 1; *Cutler*, Dkt. No. 1; *Chaney*, Dkt. No. 1-1; *Johnson*, Dkt. No. 1-1. Each plaintiff seeks to represent everyone whose information was compromised in the breach, and each alleges that AAGCU failed to safeguard the data it collected and failed to notify members promptly. *See, e.g.*, Dkt. No. 1 ¶ 22; *Stratton*, Dkt. No. 1 ¶ 54; *Chaney*, Dkt. No. 1-1 ¶ 162; *Johnson*, Dkt. No. 1-1 ¶ 135.

On July 1, 2026, *Garcia* and *Stratton* moved to consolidate *Garcia*, *Stratton*, and *Cutler* and to appoint Scott E. Cole of Cole & Van Note and Jason S. Rathod of Migliaccio & Rathod LLP as interim co-lead class counsel. Dkt. No. 11. AAGCU removed *Chaney* and *Johnson* to this Court three days later. *Chaney*, Dkt. No. 1; *Johnson*, Dkt. No. 1. It then moved to stay *Garcia*, *Stratton*, and *Chaney* pending consolidation, citing the overlapping deadlines for responsive pleadings, initial disclosures, and status reports in five cases and Johnson's then-pending motion to remand. Dkt. No. 16 at 2–4; *Stratton*, Dkt. No. 19; *Chaney*, Dkt. No. 10. The Court granted the stay in *Garcia*, Dkt. No. 18, and *Chaney*, Dkt. No. 10. Since then, Cutler has voluntarily dismissed her case, *Cutler*, Dkt. No. 21, and the Court has denied Johnson's motion to remand, *Johnson*, Dkt. No. 17.

---

[2] *Garcia* also names Alaska Air Group, Inc. as a defendant. Dkt. No. 1. The other complaints name only the credit union.

## 3. DISCUSSION

### 3.1 The four live cases share common questions of law and fact and consolidation is warranted.

Rule 42(a) allows the Court to consolidate actions that "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). The Court has broad discretion in making that call, and it may consolidate cases on its own motion. *Investors Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising that discretion, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice. *In re Valve Antitrust Litig.*, No. 2:21-cv-00563-JNW, 2024 WL 5009034, at *1 (W.D. Wash. Dec. 6, 2024).

The four live cases easily meet the standard for consolidation. They share a defendant, a breach, a notice letter, and a class. Every complaint pleads negligence and breach of implied contract, and the central questions in each—whether AAGCU's data security was reasonable, whether it owed and breached duties to its members, and what the class is owed—are the same. The complaints only differ at the margins: *Garcia* adds Alaska Air Group, Inc. as a defendant, *Johnson* adds a fiduciary-duty claim, and *Stratton* adds bailment and breach of confidence. But Rule 42(a) requires only a common question, and the differences can be sorted out in a consolidated complaint. Nor is there any risk of delay or prejudice. All four cases were filed within eight days of one another, none has an answer on file, and discovery hasn't begun. And no one objects—AAGCU itself has argued that all of the cases "will need to be consolidated." Dkt. No. 16 at 4.

Two loose ends. First, *Chaney* and *Johnson* were in state court when the motion was filed, so the motion doesn't reach them. The Court consolidates them on its own motion. *Adams Apple*, 829 F.2d at 1487. Second, *Cutler* has dismissed her case, so the motion is moot as to *Cutler*.

Because *Garcia* is the lowest-numbered case, it will serve as the main docket, and all future filings must be made under Case No. 2:26-cv-01433-JNW. The consolidated action will be recaptioned *In re Alaska Air Group Credit Union Data Breach Litigation*. The Court consolidates the cases for all purposes, including trial.[3]

### 3.2 Interim class counsel must file a consolidated complaint.

In consolidated cases involving complex litigation, a unified complaint is a common tool for focusing motion practice and discovery on a single pleading. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (3d ed.); *Katz v. Realty Equities Corp. of N.Y.*, 521 F.2d 1354, 1359 (2d Cir. 1975). A unified complaint is appropriate here—a single pleading lets AAGCU respond once and lets the Court decide one motion to dismiss rather than four. *See Abbott v. Amazon.com Inc.*, No. 2:23-cv-01372-JNW, 2023 WL 7496362, at *2 (W.D. Wash. Nov. 13, 2023). And because the cases are at the starting line, the cost in delay is small.

[3] If later developments show that a single trial would prejudice a party, Rule 42(b) allows the Court to order separate trials of particular claims or issues.

Filing the consolidated complaint is the job of interim class counsel, *see Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743-TL, 2022 WL 4483123, at *6 (W.D. Wash. Sept. 27, 2022), who, as explained below, have yet to be appointed. Interim class counsel must file the consolidated complaint within 30 days of the order appointing them. AAGCU's responsive pleading will be due 21 days after that.

**3.3 The Court will hear from all plaintiffs' counsel before appointing interim class counsel.**

Rule 23(g)(3) lets the Court "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The rule's drafters had in mind exactly this situation—overlapping suits by different lawyers, where someone must be responsible for the putative class while the case takes shape. *See* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment; *Abbott*, 2023 WL 7496362, at *2. When the Court chooses among applicants, it must consider the work each has done to identify and investigate the claims, their experience with class actions and complex litigation, their knowledge of the applicable law, and the resources they will commit, and it may consider any other matter bearing on their ability to represent the class. Fed. R. Civ. P. 23(g)(1)(A)–(B). If more than one adequate applicant seeks appointment, the Court "must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

*Garcia* and *Stratton* propose Cole and Rathod as interim co-lead counsel. Their application may well be sound. But it reached the Court before *Chaney* and *Johnson* did, and the lawyers in those cases had no chance to support the proposal,

oppose it, or offer an alternative. Rule 23(g)(2) calls for a comparison among applicants, and the Court can't make that comparison on a one-sided record. So the Court DENIES the request to appoint interim class counsel without prejudice and invites cross-motions. *Abbott*, 2023 WL 7496362, at *3.

Any plaintiff may apply. Each application must address the Rule 23(g)(1)(A) factors and should explain the leadership structure proposed (sole lead, co-leads, or lead plus an executive committee), how proposed lead counsel will coordinate with other plaintiffs' counsel, and how they will control costs and avoid duplicative work. Counsel are encouraged to confer before filing; a joint proposal supported by all plaintiffs will carry weight, though it won't bind the Court.

### 3.4 The motions to stay are moot, and the stay in *Garcia* is lifted.

AAGCU sought a stay only until the cases were consolidated. Dkt. No. 16 at 4–5. They now are. The Court therefore LIFTS the stay in *Garcia* and *Chaney*, and DENIES the stay motion in *Stratton* as moot. For the same reason, the deadlines in the Court's orders regarding initial disclosures, joint status reports, and early settlement in each of the four cases are stricken, as is any pending deadline for AAGCU to respond to the individual complaints. The Court will set a case schedule once the pleadings are settled.

## 4. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. The *Garcia* and *Stratton* plaintiffs' Motion to Consolidate and to Appoint Interim Co-Lead Class Counsel, Dkt. No. 11, is GRANTED in part. The

motion is GRANTED to the extent it seeks consolidation of *Garcia* and *Stratton*; DENIED as moot to the extent it seeks consolidation of *Cutler v. Alaska Air Group Credit Union*, No. 2:26-cv-01527-JNW, which has been voluntarily dismissed; and DENIED without prejudice to the extent it seeks appointment of interim co-lead class counsel.

2. *Garcia v. Alaska Air Group Credit Union*, No. 2:26-cv-01433-JNW; *Stratton v. Alaska Air Group Credit Union*, No. 2:26-cv-01497-JNW; *Chaney v. Alaska Air Group Credit Union*, No. 2:26-cv-01944-JNW; and *Johnson v. Alaska Air Group Credit Union*, No. 2:26-cv-01950-JNW, are CONSOLIDATED for all purposes, including trial.

3. *Garcia,* No. 2:26-cv-01433-JNW is the main docket for the consolidated action, and all future filings must be made under that case number. The consolidated action is recaptioned *In re Alaska Air Group Credit Union Data Breach Litigation*, Case No. 2:26-cv-01433-JNW.

4. Any plaintiff may move for appointment as interim class counsel on the following schedule: (a) opening briefs are due within 14 days of this Order and may not exceed 4,200 words; (b) a single responsive brief addressing any or all competing applications is due 14 days after the opening briefs and may not exceed 8,400 words; and (c) replies are due seven days after the responsive briefs and may not exceed 2,100 words.

5. Interim class counsel must file a consolidated complaint within 30 days of the Court's order appointing them. The consolidated complaint will be the operative pleading in the consolidated action.

6. AAGCU must serve its responsive pleading within 21 days after the consolidated complaint is filed. If AAGCU intends to file a motion to dismiss, the parties may propose an alternative briefing schedule.

7. The stays entered in *Garcia*, Dkt. No. 18, and *Chaney*, Dkt. No. 15, are LIFTED. AAGCU's motion to stay in *Stratton*, Dkt. No. 19, is DENIED as moot.

8. The deadlines in the Court's orders regarding initial disclosures, joint status reports, and early settlement in *Garcia*, *Stratton*, *Chaney*, and *Johnson* are STRICKEN, as is any pending deadline for AAGCU to respond to the individual complaints. The Court will set a case schedule after the pleadings close.

9. If another action arising from the same data breach is filed in, transferred to, or removed to this Court, AAGCU's counsel must promptly serve a copy of this Order on counsel for the plaintiff in that action and file a notice of related case under LCR 3(g) so the Court can determine whether the new action should be consolidated.

10. The Clerk is DIRECTED to file this Order in Case Nos. 2:26-cv-01433-JNW, 2:26-cv-01497-JNW, 2:26-cv-01944-JNW, and 2:26-cv-01950-JNW, and to administratively close Case Nos. 2:26-cv-01497-JNW, 2:26-cv-01944-JNW, and 2:26-cv-01950-JNW as member cases of the consolidated action.

Dated this 2nd day of November, 2026.

Jamal N. Whitehead
United States District Judge